# Exhibit "D"

Amended Answer to Complaint

Electronically Filed
10/21/2020 9:50 AM
Steven D. Grierson
CLERK OF THE COURT

**AANS**
ROBERT K. PHILLIPS, ESQ.
Nevada Bar No. 11441
TIMOTHY D. KUHLS, ESQ.
Nevada Bar No. 13362
**PHILLIPS, SPALLAS & ANGSTADT, LLC**
504 South Ninth Street
Las Vegas, Nevada 89101
(702) 938-1510
(702) 938-1511 (Fax)
rphillips@psalaw.net
tkuhls@psalaw.net

*Attorneys for Defendant*
*Walmart, Inc. dba Walmart Supercenter #3350*

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| VANESSA PINO, Special Administrator for the ESTATE OF ANTWAN GRAVES, Deceased; ELSA GONZALEZ on behalf of her minor child, ███████; LATANYA L. McCURDY on behalf of her minor child, ███████; ANTWANESHA GRAVES; and, ANTWAN GRAVES, JR.,<br><br>Plaintiffs,<br><br>v.<br><br>WALMART, INC., a foreign corporation dba WALMART SUPERCENTER #3350; DOES 1 through 10; and ROE CORPORATIONS 1 through 20, inclusive,<br><br>Defendants. | Case No.: A-20-819322-C<br>Dept No.: VIII<br><br>**<u>DEFENDANT WALMART, INC. dba WALMART SUPERCENTER #3350's AMENDED ANSWER TO PLAINTIFFS' COMPLAINT</u>** |

COMES NOW, Defendant WALMART, INC. dba WALMART SUPERCENTER #3350 (hereinafter "Walmart" or "Defendant"), by and through its counsel of record, the law firm of PHILLIPS, SPALLAS & ANGSTADT, LLC, hereby files the following Amended Answer to Plaintiffs VANESSA PINO, ELSA GONZALEZ, LATANYA L. McCURDY, ███████, ANTWANESHA GRAVES and ANTWAN GRAVES JR.'s ("Plaintiffs") Complaint on

- 1 -

file herein as follows:

1. Answering Paragraph 1 of Plaintiffs' Complaint, Defendant lacks sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein and therefore is unable to admit or deny. To the extent a response is required, Defendant denies.

2. Answering Paragraph 2 of Plaintiffs' Complaint, Defendant lacks sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein and therefore is unable to admit or deny. To the extent a response is required, Defendant denies.

3. Answering Paragraph 3 of Plaintiffs' Complaint, Defendant lacks sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein and therefore is unable to admit or deny. To the extent a response is required, Defendant denies.

4. Answering Paragraph 4 of Plaintiffs' Complaint, Defendant lacks sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein and therefore is unable to admit or deny. To the extent a response is required, Defendant denies.

5. Answering Paragraph 5 of Plaintiffs' Complaint, Defendant lacks sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein and therefore is unable to admit or deny. To the extent a response is required, Defendant denies.

6. Answering Paragraph 6 of Plaintiffs' Complaint, Defendant admits only that at the time Plaintiffs' Complaint was filed, it was registered with the Nevada Secretary of State as a Foreign Corporation lawfully registered and licensed to do business within the State of Nevada.

7. Answering Paragraph 7 of Plaintiffs' Complaint, Defendant lacks sufficient knowledge or information as to the identities of the individuals or entities identified therein; thus, it cannot speak towards the truth or falsity of the allegations contained therein and therefore is unable to admit or deny. To the extent a response is required, Defendant denies.

8. Answering Paragraph 8 of Plaintiffs' Complaint, Defendant lacks sufficient knowledge or information as to the identities of the individuals or entities identified therein; thus, it cannot speak towards the truth or falsity of the allegations contained therein and therefore is unable to admit or deny. To the extent a response is required, Defendant denies.

. . .

9. Answering Paragraph 9 of Plaintiffs' Complaint, Defendant lacks sufficient knowledge or information as to whether the "facts and circumstances surrounding the subject lawsuit solely arose in Clark County, Nevada" and/or what exact portion of the "premise where the subject incident occurred" Plaintiffs refer to so as to admit or deny whether said portion was "owned, controlled, maintained, managed, operated or staffed by Defendants;" as such, it is unable to admit or deny these allegations. To the extent a response is required, Defendant denies. If anything, Defendant only admits that as of the date Plaintiffs' Complaint was filed, it did operate and/or maintain the inside premises of a Walmart Supercenter store located at or near 5198 Boulder Highway, Las Vegas, Nevada 89122. It outright denies any allegation that Defendant was "otherwise responsible" for any "subject dangerous condition" on the premises.

10. Answering Paragraph 10 of Plaintiffs' Complaint, Defendant admits only that at the time Plaintiffs' Complaint was filed, Walmart Supercenter #3350 did include a grocery section, general merchandise section, vision center and tire/lube/express section and pharmacy. As to any remaining allegations, Defendant denies.

11. Answering Paragraph 11 of Plaintiffs' Complaint, Defendant denies each and every allegation contained therein.

12. Answering Paragraph 12 of Plaintiffs' Complaint, Defendant, generally, denies each and every allegation contained therein in mass.

13. Answering Paragraph 13 of Plaintiffs' Complaint, Defendant lacks sufficient knowledge or information as to whether certain "persons" loiter at or near Walmart Store #3350;" as such, it is unable to admit or deny these allegations as to what it knows certain individuals actually do. Does admit that it takes active steps to prevent "persons" from loitering at Walmart Store #3350. To the extent a response is required, Defendant denies each and every allegation contained therein. It outright denies that "persons" prowl at or near the subject store.

14. Answering Paragraph 14 of Plaintiffs' Complaint, lacks sufficient knowledge or information as to whether loitering and prowling are crimes against the public's health and safety; as such, it is unable to admit or deny these allegations. To the extent a response is required, Defendant denies each and every allegation contained therein.

15. Answering Paragraph 15 of Plaintiffs' Complaint, Defendant asserts Plaintiffs' allegations contain misstatements of law and legal conclusions which do not require a response. To the extent a response is required, Defendant asserts it lacks sufficient knowledge or information as to whether violent criminal activity, loitering and prowling ever took place at or near Walmart Store #3350; as such, it is unable to admit or deny these allegations. To the extent a response is required and with a direct response to whether Defendant should know about said criminal activity, loitering and prowling occurring on its premises, Defendant denies each and every allegation contained therein.

16. Answering Paragraph 16 of Plaintiffs' Complaint, Defendant asserts Plaintiffs' allegations contain misstatements of law and legal conclusions which do not require a response. To the extent a response is required, Defendant asserts it lacks sufficient knowledge or information as to whether violent criminal activity, loitering and prowling ever took place at or near Walmart Store #3350; as such, it is unable to admit or deny these allegations. To the extent a response is required and with a direct response to whether Defendant knew or should have known that allowing people to loiter and prowl on its its premises would increase the risk of violent criminal activity, Defendant denies each and every allegation contained therein.

17. Answering Paragraph 17 of Plaintiffs' Complaint, Defendant asserts Plaintiffs' allegations contain misstatements of law which do not require a response. To the extent a response is required, Defendant denies each and every allegation contained therein.

18. Answering Paragraph 18 of Plaintiff's Complaint, Defendant asserts Plaintiffs' allegations contain misstatements of law and legal conclusions which do not require a response. To the extent a response is required, Defendant denies each and every allegation contained therein.

19. Answering Paragraph 19 of Plaintiffs' Complaint, Defendant asserts Plaintiffs' allegations contain misstatements of law and legal conclusions which do not require a response. To the extent a response is required, Defendant denies each and every allegation contained therein.

20. Answering Paragraph 20 of Plaintiffs' Complaint, Defendant denies each and every allegation contained therein.

. . .

. . .

21. Answering Paragraph 21 of Plaintiffs' Complaint, Defendant lacks sufficient knowledge or information as to the identity of said "unknown person;" as such, it is unable to admit or deny this allegation. To the extent a response is required, Defendant denies each and every allegation contained herein.

22. Answering Paragraph 22 of Plaintiffs' Complaint, lacks sufficient knowledge or information as to when exactly – in terms of time frame – this allegation pertains; as such, it is unable to admit or deny this allegation. To the extent a response is required, Defendant denies each and every allegation contained herein.

23. Answering Paragraph 23 of Plaintiffs' Complaint, Defendant asserts Plaintiff's allegations contain misstatements of law and legal conclusions which do not require a response. To the extent a response is required, Defendant lacks sufficient knowledge or information as to what Plaintiff means by "trespass the unknown person from its premise," let alone the identity of any "unknown" person; as such, it is unable to admit or deny these allegations. To the extent a response is required, Defendant denies each and every allegation contained herein.

24. Answering Paragraph 24 of Plaintiffs' Complaint, Defendant asserts Plaintiffs' allegations contain misstatements of law and legal conclusions which do not require a response. To the extent a response is required, Defendant lacks sufficient knowledge or information as to admit or deny the truth or falsity of the allegations asserted; as such, it is unable to admit or deny these allegations. To the extent a response is required, Defendant denies each and every allegation contained herein.

25. Answering Paragraph 25 of Plaintiffs' Complaint, Defendant asserts Plaintiffs' allegations contain misstatements of law and legal conclusions which do not require a response. To the extent a response is required, Defendant lacks sufficient knowledge or information as to admit or deny the truth or falsity of the allegations asserted; as such, it is unable to admit or deny these allegations. To the extent a response is required, Defendant denies each and every allegation contained herein.

26. Answering Paragraph 26 of Plaintiffs' Complaint, Defendant denies each and every allegation contained herein.

. . .

. . .

## FIRST CAUSE OF ACTION

**(NEGLIGENCE, INCLUDING NEGLIGENT HIRING, TRAINING, AND SUPERVISION)**

27. Answering Paragraph 27 of Plaintiffs' Complaint, Defendant repeats and reasserts each and every answer to the preceding paragraphs 1 through 26, as stated verbatim.

28. Answering Paragraph 28 of Plaintiffs' Complaint, Defendant asserts Plaintiffs' allegations contain misstatements of law and legal conclusions which do not require a response. To the extent a response is required, Defendant denies each and every allegation contained therein.

29. Answering Paragraph 29 of Plaintiffs' Complaint, Defendant asserts Plaintiffs' allegations contain misstatements of law and legal conclusions which do not require a response. To the extent a response is required, Defendant denies each and every allegation contained therein.

30. Answering Paragraph 30 of Plaintiffs' Complaint, Defendant asserts Plaintiffs' allegations contain misstatements of law and legal conclusions which do not require a response. To the extent a response is required, Defendant denies each and every allegation contained therein.

31. Answering Paragraph 31 of Plaintiffs' Complaint, Defendant asserts Plaintiffs' allegations contain misstatements of law and legal conclusions which do not require a response. To the extent a response is required, Defendant denies each and every allegation contained therein.

32. Answering Paragraph 32 of Plaintiffs' Complaint, Defendant asserts Plaintiffs' allegations contain misstatements of law and legal conclusions which do not require a response. To the extent a response is required, Defendant denies each and every allegation contained therein.

33. Answering Paragraph 33 of Plaintiffs' Complaint, Defendant asserts Plaintiffs' allegations contain misstatements of law and legal conclusions which do not require a response. To the extent a response is required, Defendant denies each and every allegation contained therein.

34. Answering Paragraph 34 of Plaintiffs' Complaint, Defendant asserts Plaintiffs' allegations contain misstatements of law and legal conclusions which do not require a response. To the extent a response is required, Defendant denies each and every allegation contained therein.

35. Answering Paragraph 35 of Plaintiffs' Complaint, Defendant asserts Plaintiffs' allegations contain misstatements of law and legal conclusions which do not require a response. To the extent a response is required, Defendant denies each and every allegation contained therein.

36. Answering Paragraph 37 of Plaintiffs' Complaint, Defendant asserts Plaintiffs' allegations contain misstatements of law and legal conclusions which do not require a response. To the extent a response is required, Defendant denies each and every allegation contained therein.

37. Answering Paragraph 37 of Plaintiffs' Complaint, Defendant asserts Plaintiffs' allegations contain misstatements of law and legal conclusions which do not require a response. To the extent a response is required, Defendant denies each and every allegation contained therein,

38. Answering Paragraph 38 of Plaintiffs' Complaint, Defendant asserts Plaintiffs' allegations contain legal conclusions which do not require a response. To the extent a response is required, Defendant lacks sufficient knowledge or information as to what "duties" Plaintiffs refer to; as such, it is unable to admit or deny these allegations. To the extent a response is required, Defendant denies each and every allegation contained herein,

39. Answering Paragraph 39 of Plaintiffs' Complaint, Defendant asserts Plaintiffs' allegations contain misstatements of law and legal conclusions which do not require a response. To the extent a response is required, Defendant denies each and every allegation contained therein.

40. Answering Paragraph 40 of Plaintiffs' Complaint, Defendant asserts Plaintiffs' allegations contain misstatements of law and legal conclusions which do not require a response. To the extent a response is required, Defendant denies each and every allegation contained therein.

41. Answering Paragraph 42 of Plaintiffs' Complaint, Defendant asserts Plaintiffs' allegations contain misstatements of law and legal conclusions which do not require a response. To the extent a response is required, Defendant denies each and every allegation contained therein.

42. Answering Paragraph 43 of Plaintiffs' Complaint, Defendant denies each and every allegation contained therein considering there is no law or authority "requiring" Plaintiffs to retain a lawyer to prosecute said claim.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim or cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the Statute of Limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of waiver, release, laches, unclean hands, and equitable estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries and damages, as set forth in their Complaint, if any there were, were directly and proximately caused by forces of nature over which Defendant had no control.

### FIFTH AFFIRMATIVE DEFENSE

Deceased Antwan Graves assumed whatever risks or hazards existed at the time of the events alleged in his Complaint, and he, therefore, is responsible for the alleged injuries and damages suffered.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries and damages, as set forth in their Complaint, if any there were, were caused in whole or in part by the negligence or conduct of third parties over which Defendant had no control.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries and damages, as set forth in their Complaint, if any there were, are not attributable to any act, conduct, or omission on the part of Defendant, its employees, or its agents.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' action is barred and/or their recovery is diminished by the deceased Antawn Graves' own contributory negligence and/or comparative fault due to his own failure to reasonable care in protecting his own health and life. Plaintiffs are not entitled to recovery from Defendant, in that any loss sustained by Plaintiffs is the result of negligence or actionable fault on the part of Graves or some third party.

### NINTH AFFIRMATIVE DEFENSE

Graves' negligence exceeds that of Defendant, if any, combined with the negligence of any other defendants and/or unidentified third parties, if any, and Plaintiffs are, therefore, barred from any recovery.

. . .

. . .

TENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries and damages, as set forth in their Complaint, if any there were, were due to pre-existing conditions and/or caused by some other circumstance.

ELEVENTH AFFIRMATIVE DEFENSE

Deceased Graves and/or Plaintiffs failed to mitigate any damages, and, thus, any recovery should be reduced accordingly.

TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs have voluntarily waived any potential rights against Defendant.

THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to name essential parties necessary for full and adequate relief in this action.

FOURTEENTH AFFIRMATIVE DEFENSE

Defendant complied with all applicable Nevada and Federal statutes, regulations, and codes at all relevant times stated in Plaintiff's Complaint.

FIFTEENTH AFFIRMATIVE DEFENSE

Defendant contends that if Plaintiffs suffered any injury or damages as a result of the conduct they attribute to this answering Defendant, Defendant alleges that, prior to the incident giving rise to this action, Plaintiffs were aware of the risks and/or hazards, if any there were, at the time and place of the incident; that whatever the conditions were at such time and place, they were obvious, discernible, and were in fact known to and by Plaintiffs and/or the deceased Graves; and that Plaintiffs nonetheless freely and voluntarily consented to assume and did assume these risks and/or hazards, if any there were.

SIXTEENTH AFFIRMATIVE DEFENSE

Defendant hereby incorporates by reference those Affirmative Defenses enumerated in Rule 8 of the Nevada Rules of Civil Procedure as if fully set forth herein. In the event further investigation or discovery reveals the applicability of such defenses, Defendant reserves the right to seek leave of Court to Amend its Answer to specifically assert the same. Such defenses are herein incorporated by reference for the specific purpose of not waiving the same.

. . .

SEVENTEENTH AFFIRMATIVE DEFENSE

It has been necessary for Defendant to employ the services of an attorney to defend this action, and a reasonable sum should be allowed for attorney's fees, together with the costs expended in this action.

EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant denies each and every allegation of Plaintiffs' Complaint not specifically admitted, denied, or otherwise pled to herein.

NINETEENTH AFFIRMATIVE DEFENSE

Defendant hereby reserves the right to add additional Affirmative Defenses as discovery progresses.

TWENTIETH AFFIRMATIVE DEFENSE

Defendant hereby affirmatively pleads the application of the several liability provisions of Nevada Revised Statutes §41.141, as there is an issue of bona fide contributory negligence.

TWENTY-FIRST AFFIRMATIVE DEFENSE

If it is found that Defendant is liable to Plaintiffs for any injuries and damages of the type alleged, all of which are expressly and specifically denied, then Defendant is entitled to indemnification and/or contribution from any judgment over and against such other defendants that may be liable for all or part of any verdict or judgment against this answering Defendant, which was caused by the negligence and/or breach of contract of such other defendants, together with costs and disbursements of this action, including attorney's fees.

TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant hereby incorporates by reference those Affirmative Defenses enumerated in Rule 12(b) of the Nevada Rules of Civil Procedure.

TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs failed to properly serve Defendant, in that their service of process or the process itself was insufficient, and Defendant reserves the right to move for dismissal of the instant action for want of proper service by Plaintiffs.

. . .

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to properly include or join, under Nevada Rule of Civil Procedure 19, indispensable parties without whom this matter cannot be properly adjudicated.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant hereby contends that the events, injuries, losses, and damages complained of, if any there were, were the result of an unavoidable accident insofar as this answering Defendant is concerned, and it occurred without any negligence, want of care, or other breach of duty to Plaintiffs on the part of Defendant.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs and/or the deceased Graves engaged in illegal activities during or pursuant to the subject incident, Plaintiffs' claims are barred.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant contends that this Court lacks jurisdiction over the subject matter of this action and of each claim alleged therein.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiffs did not reasonably rely on any act, omission, or representation of Defendant.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiffs' civil action is barred under Nevada's workers' compensation statutes and its exclusive remedy requirements considering any injuries suffered arose out of the deceased Graves' employment with Defendant.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiffs take nothing by their Complaint;

2. That Plaintiffs' Complaint be dismissed with prejudice as to Defendant;

3. That Defendant recover attorney's fees and costs incurred herein; and

4. For such other and further relief as this Court may deem just and proper under the circumstances.

DATED this 21st day of October 2020.

**PHILLIPS, SPALLAS & ANGSTADT, LLC**

/s/ Timothy D. Kuhls

ROBERT K. PHILLIPS, ESQ.
Nevada Bar No. 11441
TIMOTHY D. KUHLS, ESQ.
Nevada Bar No. 13362
504 South Ninth Street
Las Vegas, Nevada 89101

*Attorneys for Defendant*
*Walmart, Inc. dba Walmart Supercenter #3350*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of October 2020, I served a true and correct copy of the foregoing, **DEFENDANT WALMART, INC. dba WAMART SUPERCENTER #3350's AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**, as follows:

☐ By facsimile addressed to the following counsel of record, at the address listed below:

☐ By placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada;

☐ By Hand Delivery (ROC); and/or

☒ By Electronic Filing/Service Notification through Odyssey File & Serve to:

| ATTORNEY OF RECORD | TELEPHONE/FAX | PARTY |
|---|---|---|
| JONATHAN T. REMMEL, ESQ.<br>Nevada Bar No. 8627<br>REMMEL LAW FIRM<br>804 South Jones Blvd.<br>Las Vegas, Nevada 89107 | Phone 702-522-7707<br>Fax     702-475-4040 | Plaintiff |

*/s/ Ashley Evans*

An Employee of PHILLIPS, SPALLAS & ANGSTADT, LLC