**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| VANESSA PINO, et al., | Case No.: 2:21-cv-00228-APG-EJY |
| Plaintiffs | **Order Granting Motion to Remand and Denying Motion to Dismiss as Moot** |
| v. | |
| WALMART, INC., | [ECF Nos. 2, 13] |
| Defendant | |

Plaintiff Vanessa Pino is the special administrator of the estate of Antwan Graves, who was murdered in the parking lot of a Walmart store. The other plaintiffs are Graves' adult children and the mothers of Graves' minor children acting on behalf of the minors. The plaintiffs sue Walmart, Inc. for failure to maintain a safe premises for Graves, who worked at the Walmart where he was slain.

Walmart previously removed this case on the basis of diversity jurisdiction, but Judge Jennifer Dorsey remanded the case for lack of evidence that the amount in controversy was satisfied. ECF No. 1-9 at 18-19. Immediately after remand, Walmart's counsel communicated with the plaintiffs' counsel and asked if the plaintiffs were seeking in excess of $75,000. ECF No. 1-10. The plaintiffs' counsel responded that it was the plaintiffs' position that the "case value" had always exceeded the jurisdictional threshold. *Id.* Based on that representation, Walmart sent the plaintiffs a letter documenting the conversation and expressing its intent to remove the case again, which it did. *Id.*; ECF No. 1.

Following removal, Walmart moved to dismiss, arguing that because Graves was working at the time he was murdered, the Nevada Industrial Insurance Act provides the

1   exclusive remedy to the employee and his heirs. ECF No. 2.  The plaintiffs oppose the motion to

2   dismiss and also move to remand. ECF Nos. 12, 13.

3          I grant the motion to remand because Walmart's second removal is not based on a new

4   and different ground.  I deny the motion to dismiss, without prejudice to refile it in state court.

5   **I.  ANALYSIS**

6          The plaintiffs argue that Walmart failed to timely remove because it was facially apparent

7   from the complaint that the amount in controversy exceeded the jurisdictional requirement but

8   Walmart did not remove the case within 30 days of service.  They also argue that Walmart

9   cannot remove a second time on the same ground as a prior failed removal.  Additionally, they

10  contend that Walmart cannot generate a "paper" to trigger removal by sending a letter

11  memorializing counsels' phone conversation.  Finally, they argue that even if Walmart could

12  remove on the basis of its own letter, it has again failed to show that the amount in controversy

13  exceeds $75,000 because it relies solely on a representation from counsel discussing the value of

14  the case.

15         Walmart responds that Judge Dorsey has already ruled that the prior removal was

16  premature rather than late, and that it was not facially apparent from the complaint that the

17  amount in controversy was satisfied.  Walmart also argues the second removal was not based on

18  the same ground because it is based on the new communication between the parties that

19  confirmed the plaintiffs are seeking more than $75,000.  Walmart asserts that the plaintiffs cite

20  no authority for the proposition that Walmart cannot be the one who created the "other paper" to

21  support removal.  Walmart also notes that on the same date, the plaintiffs' counsel sent an email

22  that confirms the plaintiffs are seeking more than $75,000.

23

1    This is Walmart's second attempt at removal of the same underlying state court case. "A

2  successive removal petition is permitted only upon a relevant change of circumstances—that is,

3  when subsequent pleadings or events reveal a new and different ground for removal." *Reyes v.*

4  *Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1188 (9th Cir. 2015) (quotation omitted).  For example,

5  a second removal is allowable "when an intervening change of law gives rise to a new basis for

6  subject-matter jurisdiction," or "when the pleadings are amended to create federal subject-matter

7  jurisdiction for the first time." *Id.*

8    In Judge Dorsey's case, Walmart argued that it first ascertained the amount in

9  controversy requirement was satisfied from the plaintiffs' request for exemption from arbitration.

10 *Pino v. Walmart, Inc. (Pino I)*, 2:20-cv-02191-JAD-NJK, ECF No. 1.  The plaintiffs moved to

11 remand, arguing that Walmart's removal petition was untimely because it was apparent from the

12 face of the complaint that the case was removable but Walmart did not remove within 30 days of

13 being served. *Pino I*, ECF No. 8.  The plaintiffs offered two reasons why Walmart should have

14 known upon receipt of the complaint that it was removable.  First, they argued that there were

15 four individual heirs each seeking pecuniary damages in excess of $15,000, the Estate was

16 seeking in excess of $15,000 for special damages, and the plaintiffs requested punitive damages

17 exceeding $15,000, so it was obvious from adding these figures up that the plaintiffs had

18 requested over $90,000. *Id.* at 2, 5.  Second, they argued that because it was a wrongful death

19 case, the complaint met the jurisdictional threshold "on its face." *Id.* at 5.

20    Walmart responded that the plaintiffs could not aggregate their claims to satisfy the

21 amount in controversy and the complaint was not sufficiently clear that at least one plaintiff

22 sought more than $75,000. *Pino I*, ECF No. 11 at 6-11.  It also argued that the case on which the

23

1  plaintiffs relied to assert that a wrongful death case automatically satisfies the amount in

2  controversy did not stand for that proposition. *Id.* at 11-12.

3       Judge Dorsey held a hearing and granted the motion to remand. *Pino I*, ECF Nos. 19, 20.

4  She agreed with Walmart that the plaintiffs could not aggregate their claims to satisfy the amount

5  in controversy requirement. *Pino I*, ECF No. 20 at 17.  She also agreed with Walmart that it was

6  not apparent from the face of the complaint that more than $75,000 was at issue solely by virtue

7  of the fact that it was a wrongful death case. *Id.* at 17-18.  She rejected the plaintiffs' argument

8  that Walmart's removal was late, and instead concluded it was "premature" because there was

9  still "no evidence in the record that the jurisdictional threshold here is met." *Id.* at 18.  She

10 therefore remanded the case. *Id.*; *Pino I*, ECF No. 19.

11      Immediately following the hearing, the parties' counsel spoke on the phone. ECF Nos. 1-

12 10; 13-1 at 24.  Walmart's counsel memorialized the phone call in a letter that same day. ECF

13 No. 1-10.  According to that letter, Walmart's counsel "expressly asked [the plaintiffs' counsel]

14 if [his] clients were seeking in excess of $75,000.00.  [The plaintiffs' counsel] told [Walmart's

15 counsel] 'I already have.'" *Id.*  The plaintiffs' counsel also memorialized the conversation that

16 same day in an email as follows:

17       As we . . . discussed, it **remains** Plaintiffs' contention that Walmart: (1) knew (or
         should have known) that this wrongful death exceeded the $75,000 statutory
18       threshold from a variety of sources, including service of the Complaint; and
         (2) failed to timely remove the case based on 28 USC 1446(b).  During our
19       conversation, you specifically asked whether the case value exceeds $75,000.  I
         (again) responded in the affirmative, but specified that this has long been
20       Plaintiffs' contention.  In doing so, Plaintiffs have not waived any defense to
         Walmart's removal and our intention to have the case remanded, with prejudice.

21

22 ECF No. 13-1 at 24 (emphasis in original).  Within 30 days of this correspondence, Walmart

23 removed the case for a second time on the basis that its own letter memorializing the

1 conversation was the "first paper" from which it could discern the amount in controversy was

2 satisfied. ECF No. 1.

3       Based on the proceedings before Judge Dorsey and the communications documenting the

4 phone conversation, this second removal was not on a new and different ground.  Walmart's

5 counsel asked the plaintiffs' counsel if his "clients" were seeking more than $75,000.  Despite

6 having just argued that aggregation was not proper, Walmart apparently did not ask for

7 confirmation that at least one client was seeking more than the jurisdictional amount, instead

8 referring to the "clients."  In response, the plaintiffs' counsel stated that they were sticking by

9 their original position that the "case value" had always been over $75,000.  The plaintiffs did not

10 state that at least one of them was seeking over $75,000, instead referring to the "case value."

11      As a result, the information before the court is not new and different from what was

12 before Judge Dorsey.  Judge Dorsey's remand order is "not reviewable on appeal or otherwise."

13 28 U.S.C. § 1447(d).  Consequently, I cannot reach a different conclusion on the same facts that

14 were before her.

15      Because the second removal was not based on a new and different ground, I must grant

16 the plaintiffs' motion to remand.[1]  I also deny the motion to dismiss as moot, without prejudice

17 to Walmart raising those issues before the state court.

18 **II.  CONCLUSION**

19      I THEREFORE ORDER that the plaintiffs' motion to remand **(ECF No. 13) is**

20 **GRANTED.**

21

22

23
[1] The plaintiffs request that I remand "with prejudice." ECF No. 13 at 8.  They cite no authority for the proposition that I may remand a case "with prejudice" to any future attempts at removal other than Federal Rule of Civil Procedure 1. *Id.*  Even if I could do so, I deny this request.

1

I FURTHER ORDER that defendant Walmart, Inc.'s motion to dismiss **(ECF No. 2) is**

2 **DENIED as moot**, without prejudice to raising those issues before the state court on remand.

3

I FURTHER ORDER that the case is remanded to the state court from which it was

4 removed for all further proceedings.  The clerk of court is instructed to close this case.

5

DATED this 16th day of August, 2021.

6

7

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

6